# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDHILLS GLOBAL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>LAWRENCE GARAFOLA, individual, and FACTS TECHNOLOGY LLC, a New Jersey limited liability company,<br><br>    Defendants. | Civil Action No. 3:19-cv-20669 |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

BRESSLER, AMERY & ROSS, P.C.
John D. Miller, III
Justin E. Condit
325 Columbia Turnpike
Florham Park, NJ 07932
(973) 514-1200
(973) 514-1660 (facsimile)

and

KOLEY JESSEN PC, LLO
Margaret C. Hershiser *(pro hac vice* to be filed)
Patrice D. Ott *(pro hac vice* to be filed)
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9500 (facsimile)

*Attorneys for Plaintiff Sandhills Global, Inc.*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1
FACTUAL BACKGROUND ....................................................................................................... 1
LEGAL ARGUMENT ................................................................................................................... 2
    **POINT I** ................................................................................................................................... 2
        SANDHILLS' VERIFIED COMPLAINT SUFFICIENTLY STATES CLAIMS UPON
        WHICH RELIEF MAY BE GRANTED ........................................................................... 2
    **POINT II** ................................................................................................................................ 10
        SANDHILLS STATES A PLAUSIBLE CLAIM FOR CIVIL CONSPIRACY .................. 10
    **POINT III** .............................................................................................................................. 13
        PIERCING THE CORPORATE VEIL IS NOT NECESSARY FOR GARAFOLA TO BE
        PERSONALLY LIABLE ................................................................................................. 13
    **POINT IV** .............................................................................................................................. 14
        THERE IS NO COMMON QUESTION OF LAW OR FACT TO SUPPORT
        CONSOLIDATION WITH THE OTHER PENDING LAWSUIT .................................... 14
CONCLUSION ............................................................................................................................ 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Animal Science Products, Inc. v. China Minmetals Corp.*,
    654 F.3d 462 (3d Cir. 2011)..................................................................................................2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................................3, 6

*Bagasra v. Thomas Jefferson Univ.*,
    1999 WL 517404 (E.D. Pa. July 20, 1999)..........................................................................13

*Banco Popular N. Am. v. Gandi*,
    876 A.2d 253 (N.J. 2005)....................................................................................................11

*Baxter Healthcare Corp. v. HQ Specialty Pharma Corp.*,
    157 F. Supp. 3d 407 (D.N.J. 2016).......................................................................................6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................................2, 3

*In re Burlington Coat Factory Secs. Litig.*,
    114 F.3d 1410 (3d Cir. 1997)................................................................................................3

*Digiralomo v. Shop at Home, Inc.*,
    2001 U.S. Dist. LEXIS 23640, *22-23 (D.N.J. March 1, 2002)..........................................12

*Donsco, Inc. v. Casper Corp.*,
    587 F.2d 602 (3d Cir. 1978).........................................................................................13, 14

*Durso v. Samsung Elecs. Am., Inc.*,
    2014 WL 1232332 (D.N.J. Mar. 24, 2014).........................................................................15

*F.G. v. MacDonell*,
    150 N.J. 550, 696 A.2d 697 (1997).......................................................................................7

*Fineman v. Armstrong World Industries, Inc.*,
    980 F.2d 171 (3d Cir. 1992)..................................................................................................9

*Frederico v. Home Depot*,
    507 F.3d 188 (3d Cir. 2007)..................................................................................................4

*U.S. ex rel. Haskins v. Omega Institute*,
    11 F.Supp.2d 555 (D.N.J. 2016)..........................................................................................14

*Ingram v. Cty. of Camden*,
   2019 WL 231759 (D.N.J. Jan. 16, 2019) ................................................................... 15

*Malleus v. George*,
   641 F.3d 560 (3d Cir. 2011) ........................................................................................ 4

*Morgan v. Union Cty. Bd. of Chosen Freeholders*,
   633 A.2d 985 (N.J. Super. Ct. App. Div. 1993) ....................................................... 11

*Nat. Reprographics, Inc. v. Strom*,
   621 F. Supp.2d 204 (D.N.J. 2009) .............................................................................. 4

*Oakwood Labs., LLC v. Thanoo*,
   2019 WL 5420453 (D.N.J. Oct. 23, 2019) .................................................................. 6

*Phillips v. Cty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) .................................................................................. 2, 5

*Printing Mart-Morristown v. Sharp Elec. Corp.*,
   116 N.J. 739, 563 A.2d 31 (1989) .............................................................................. 9

*In re Rockefeller Ctr. Props. Sec. Litig.*,
   184 F.3d 280 (3d Cir. 1999) ............................................................................. 1, 2, 3

*Skoorka v. Kean Univ.*,
   2019 WL 4509294, at *3 (D.N.J. Sept. 19, 2019) .................................................... 14

*Svigals v. Lourdes Imaging Assocs., P.A.*,
   2001 U.S. Dist. LEXIS 23640, at *22-24 (D.N.J. Nov. 27, 2018) ........................... 12

*Zodda v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
   2014 WL 1577694 (D.N.J. Apr. 21, 2014) ............................................................... 11

**Statutes**

18 U.S.C.A. §1832 ............................................................................................................ 7

18 U.S.C.A. §1836 ............................................................................................................ 7

18 U.S.C. § 1836(b)(1) ..................................................................................................... 6

N.J.S.A. 56:15-2, 3 ............................................................................................................ 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 2, 3

Fed. R. Civ. P. 42 ..................................................................................................... 14, 15

Plaintiff Sandhills Global, Inc. ("Sandhills") submits this brief in opposition to Defendants' Lawrence Garafola ("Garafola") and Facts Technology, LLC ("Facts Technology) (collectively, "Defendants"), Rule 12(b)(6) Motion to Dismiss Sandhills' Verified Complaint for failure to state a claim upon which relief can be granted (the "Motion").

## PRELIMINARY STATEMENT

This lawsuit stems from the unlawful conduct of Garafola, who, less than a year after selling his business, Equipmentfacts, LLC ("Equipmentfacts"), to Sandhills for $1.5 million, and during the pendency of a different lawsuit with Sandhills (*Sandhills Global, Inc. v. Lawrence Garafola, Sr., et al.*, Civil Action No. 19-17225, hereinafter "Sandhills I"), formed Facts Technology—a direct competitor—to solicit business and customers away from Sandhills in clear and blatant violation of various restrictive covenants, statutes and common law. Garafola has unlawfully used Sandhills' confidential and proprietary information to create Facts Technology and continues to use it to solicit Sandhills' customers. Sandhills learned of the unlawful actions when several of Sandhills' customers contacted their Sandhills' account representatives, asking about solicitations they had received from Facts Technology and Garafola, advertising competitive services through Oilfieldfacts and AuctioneerFacts. Upon learning of these activities, Sandhills filed a Verified Complaint and has filed an Application for Temporary Restraining Order, which is currently under consideration by the Court. Sandhills' Verified Complaint sets forth facts sufficient to support its claims for relief, and as such respectfully submits that Defendants' Motion should be denied.

## FACTUAL BACKGROUND

Defendants' brief contains approximately eight pages of "factual background" information, very little of which soliloquy is relevant to the instant motion. *See In re Rockefeller Ctr. Props.*

*Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (noting the general rule that the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6)). Garafola complains of selling his business to Sandhills, and is disgruntled with the outcome. This dissatisfaction appears to be the product of seller's remorse, which began months after the acquisition of Equipmentfacts took place. Despite his current posture, at no time prior to execution of the Asset Purchase Agreement with Sandhills did Garafola express such dissatisfaction, and Garafola was represented by counsel throughout the acquisition process. However, that he is dissatisfied with the outcome of the sale does not mean he can then violate his restrictive covenants and improperly compete with Sandhills. The Court may properly disregard the "factual background" in considering Defendants' Motion. Sandhills' Verified Complaint, replete with details of Defendants' improper and illegal actions, sets the framework for the Court's consideration of the pending Motion.

## LEGAL ARGUMENT

### POINT I

**SANDHILLS' VERIFIED COMPLAINT SUFFICIENTLY STATES CLAIMS UPON WHICH RELIEF MAY BE GRANTED**

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. "The defendant, as the moving party, bears the burden of showing that no claim has been stated." *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell*

2

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id*. "This 'plausibility standard' requires the complaint allege 'more than a sheer possibility that a defendant has acted unlawfully,' but it 'is not akin to a probability requirement.'" *Id*. (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id*. (citing *Twombly*, 550 U.S. at 555, 557).

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig*., 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "'document integral to or explicitly relied upon in the complaint.'" *In re Burlington Coat Factory Secs. Litig*., 114 F.3d 1410, 1426 (3d Cir. 1997). Defendants' 8-page "factual background" is not integral to or relied upon in Sandhills' Verified Complaint and must be disregarded. In fact, Defendants' Motion is based entirely on presupposed "facts" from Garafola's self-serving certification in opposition to

3

Sandhills' Application for Temporary Restraining Order, which are not supported by any documents (let alone integral documents relied upon in the Verified Complaint), and therefore should be denied for this reason alone.

### 1. Claims One, Two and Three: Breach of Contract

To survive a motion to dismiss, Claims One, Two and Three must adequately plead each of the elements of a breach of contract. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *Iqbal*, 55 U.S. at 675). Under New Jersey law, "[t]o state a claim for breach of contract, [a plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Sandhills has pled sufficient facts to support plausible claims for breach of contract against Garafola, as is clearly articulated in Sandhills' Application for a Temporary Restraining Order. Such arguments are incorporated herein by reference. *See also* (ECF No. 3-1 and 15*)* (the "Brief in Support of TRO").

New Jersey law enforces restrictive covenants in employment agreements so long as they are reasonable. *Nat. Reprographics, Inc. v. Strom*, 621 F. Supp. 2d 204, 226 (D.N.J. 2009). Sandhills' Brief in Support of TRO sets forth a detailed analysis of the reasonableness and enforceability of Garafola's restrictive covenants. There can be no legitimate dispute that Sandhills had pled facts sufficient to demonstrate Garafola has breached the non-compete provisions of his agreements with Sandhills.  Ancillary to the sale of Equipmentfacts, Garafola agreed not to compete against Sandhills for a period of five consecutive years from and after July 16, 2018–the date of the Noncompetition, Noninterference, and Confidentiality Agreement. (*See* Verified Complaint, Exhibit B).  In addition, pursuant to his employment with Sandhills, Garafola separately entered into an Employee Proprietary Information, Inventions and Nonsolicitation

Agreement wherein he agreed not to compete against Sandhills for eighteen months following his termination. (*See* Verified Complaint, Exhibit C).

The allegations in the Verified Complaint, which on a Motion to Dismiss are accepted as true, with all inferences in the facts alleged viewed in the light most favorable to Sandhills, indisputably establishes that Garafola has breached both of these non-compete agreements. *Phillips*, 515 F.3d at 228. In September 2019, while already embroiled in a related litigation with Sandhills, Garafola founded Facts Technology, which operates and does business as both Oilfieldfacts (an "Online Marketplace for Equipment and Trucks") and AuctioneerFacts (an "online broadcaster of live webcast and timed auctions"). (*See* Verified Complaint, at ¶¶ 34-47). Based on these descriptions alone, it is clear that Facts Technology is directly competing against Sandhills in the online auction industry. Further, Garafola has openly announced that he is the acting CEO of Facts Technology, thereby acknowledging that he is directly violating and completely disregarding his non-compete agreements with Sandhills. (*See* Verified Complaint, at ¶¶ 35 & 45).

Likewise, there can be no dispute that Garafola has deliberately breached the non-solicit agreements he entered into with Sandhills. In addition to the non-compete agreements, Garafola also agreed not to solicit Sandhills' customers during the same restrictive periods. (*See* Verified Complaint, Exhibits A-C). However, Garafola, acting in his capacity as CEO of Facts Technology/AuctioneerFacts, has directly solicited Sandhills' customers – once again directly violating and completely disregarding his contractual obligations to Sandhills. (*See* Verified Complaint, at ¶¶ 52-67).

Based on the foregoing, the Court must find that Sandhills has set forth "more than an unadorned, the defendant-harmed-me accusations" and has pled facts sufficient facts to support its

5

claims for breach of contract against Mr. Garafola. *Ashcroft* at 678. Accordingly, Defendants' motion to dismiss Claims One, Two and Three should be denied.

### 2. Claims Four and Five: Misappropriation of Trade Secrets and Violation of the Defend Trade Secrets Act

To succeed on the merits of its claim for misappropriation, Sandhills must prove that Defendants used its trade secrets, without Sandhills' consent, and either (1) at the time of such use, knew or had reason to know that the trade secrets were acquired through improper means, or (2) before a material change of position, knew or had reason to know that the information consisted of a trade secret and that knowledge of it had been acquired through improper means. *See Baxter Healthcare Corp. v. HQ Specialty Pharma Corp.*, 157 F. Supp. 3d 407, 423–24 (D.N.J. 2016).

The Defend Trade Secrets Act (DTSA) provides that, "[a]n owner of a trade secret that is misappropriated may bring a civil action . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). The statute defines misappropriation as requiring the "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means," or the "disclosure" or "use of a trade secret that was acquired by improper means. § 1839(5)(A) and (B)." *Oakwood Labs., LLC v. Thanoo*, 2019 WL 5420453, at *2 (D.N.J. Oct. 23, 2019).

During the course of Garafola's employment with Sandhills, he sought to and did intentionally and willfully misappropriate, use and disclose Sandhills' trade secrets in his efforts to wrongfully interfere with Sandhills' contractual relations for his and Facts Technology's benefit and to the detriment of Sandhills. (Verified Complaint). Garafola knew of his restrictive covenants and engaged in such actions anyway. The unlawful acts continue, as Garafola has solicited and continues to solicit Sandhills' customers, using Sandhills' compilation of business

6

data, in direct violation of his agreements and New Jersey law regarding the misappropriation of trade secrets. *See* N.J.S.A. 56:15-2, 3; (Verified Complaint, Exhibits A-C and ¶¶52-67).

Sandhills is engaged in the online auction industry designed to facilitate and carryout interstate commerce. (Verified Complaint, at ¶10). Garafola, while an employee of Sandhills, misappropriated Sandhills' trade secrets and has subsequently used such trade secrets to launch a competing online auction company, Facts Technology. (*Id.* at ¶¶42-67). In doing so, he improperly used Sandhills' proprietary information to gain economic benefit, fully intending or knowing that their acts would injure Sandhills, the owner of that trade secret. Such actions are unlawful under federal law. 18 U.S.C.A. §1832; *see also* 18 U.S.C.A. §1836 (authorizing private civil actions for violations). Sandhills is aware of a number of recent instances in which Garafola, using Sandhills' trade secrets, improperly solicited Sandhills' customers. (*See* Verified Complaint, ¶¶52-67). These actions have a direct and significant economic impact on Sandhills' business and ability to engage in interstate commerce. Accordingly, the Court must find that Sandhills has pled facts sufficient to support its claims for misappropriation of trade secrets and violation of the DTSA against Garafola. Defendants' Motion to dismiss Claims Four and Five should be denied.

### 3. <u>Claim Six: Breach of Duty of Loyalty</u>

Sandhills has pled facts sufficient to allege a breach of fiduciary duty claim against Garafola. To state a claim, Sandhills must allege: (1) a fiduciary relationship comprised of "two persons when one person is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship," and (2) a "violation of that trust." *F.G. v. MacDonell,* 150 N.J. 550, 563–65, 696 A.2d 697 (1997).

7

Specifically, Sandhills has alleged that Garafola has repeatedly breached his duty of loyalty to Sandhills through the formation of Facts Technology and his redirection of corporate opportunities from Sandhills to Facts Technology.

Pursuant to the Employment Agreement, Garafola agreed to devote his full-time professional energy, skill, attention and best efforts to Sandhills (Verified Complaint, ¶20). Garafola agreed that he would not engage in any other business or render any commercial or professional services, directly or indirectly to any other person or organization, whether for compensation or otherwise, which would interfere with his employment with Sandhills unless explicitly approved in writing by Sandhills. (*Id*., ¶21). Further, Garafola entered into restrictive covenants in connection with the sale of Equipmentfacts and his employment with Sandhills. (*Id.*, Exhibits A-C).

In violation of the trust Sandhills afforded him, Garafola formed Facts Technology and began unlawfully soliciting Sandhills' customers, and using Sandhills' customer lists and databases to compete with Sandhills in violation of the duties he owes to Sandhills. (*Id*., ¶¶ 42-67). Additionally, while employed by Sandhills, Garafola transmitted Proprietary Information to his personal gmail account without approval from Sandhills and, on July 30, 2019, shortly before the termination of his employment, Garafola accessed without need or approval Proprietary Information relating to BidPath, a company that Sandhills ceased doing business with in April 2019, which he then deleted from his Sandhills work station. (*Id*., ¶¶ 40-41).

Garafola's repeated breaches of the duties he owes to Sandhills has caused damage to Sandhills including, but not limited to, all compensation paid to Garafola in 2019, and loss of corporate opportunities that he has redirected, and continues to redirect, to Facts Technology, including, but not limited to, the Permian International Energy Services auctions that occurred or

8

are scheduled through Oilfieldfacts or Auctioneer Facts. (Verified Complaint, ¶115). Garafola's acts of diverting his focus and attention to Facts Technology while employed by Sandhills caused him to neglect his duties at Sandhills, which neglect has cost and will cost Sandhills revenue, customers, and loss of goodwill. (Verified Complaint, ¶¶116-117). Accordingly, Sandhills has pled each element of its breach of fiduciary duty claim with factual support and Defendants' Motion to dismiss Claim Six should be denied.

### 4. Claims Seven and Eight: Tortious Interference with a Business Relationship and/or Expectancy

Sandhills' Verified Complaint pleads facts sufficient to show that Garafola and Facts Technology, by and through their unlawful and egregious actions, have tortiously interfered with Sandhills' business relationships.

The Third Circuit has acknowledged that, "[u]nder New Jersey law, the five elements of a claim of tortious interference with a prospective business relationship are: (1) a plaintiff's reasonable expectation of economic benefit or advantage, (2) the defendant's knowledge of that expectancy, (3) the defendant's wrongful, intentional interference with that expectancy, (4) in the absence of interference, the reasonable probability that the plaintiff would have received the anticipated economic benefit, and (5) damages resulting from the defendant's interference. *Fineman v. Armstrong World Industries, Inc.*, 980 F.2d 171, 186 (3d Cir. 1992); *Printing Mart-Morristown v. Sharp Elec. Corp.*, 116 N.J. 739, 563 A.2d 31, 37 (1989).

Sandhills acquired Equipmentfacts for $1.5 million, fully and reasonably expecting to receive the economic advantage of its bargained for exchange, which expressly included Equipmentfacts' customer relationships and goodwill. (Verified Complaint, at Exhibit B). Garafola, and therefore Facts Technology, had knowledge of Sandhills' expectation of economic gain through the acquisition of Equipmentfacts. Additionally, Sandhills has numerous ongoing

contracts, pending quotes, and corporate opportunities for new business that Sandhills strategically planned and sought. (Verified Complaint, at ¶¶ 120). Each of these contracts, quotes, and opportunities were contract expectancies of Sandhills. Garafola knew of Sandhills' contracts, quotes, opportunities, and contract expectancies through both his sale of Equipmentfacts and employment at Sandhills.

As previously discussed, just one year after Sandhills acquired Equipmentfacts, Garafola formed a new entity (Facts Technology) and is attempting to capitalize on Equipmentfacts' goodwill (which he sold to Sandhills) by wrongfully and intentionally interfering with and soliciting Sandhills' customers for Facts Technology, and is using Sandhills' confidential and proprietary information to do so. (Verified Complaint, at Exhibit B and ¶¶52-67). Sandhills has set forth specific allegations (taken as true on a Motion to Dismiss) to show that Garafola, as Facts Technology, has unlawfully solicited many Sandhills' customers and successfully diverted business from at least one long-standing Sandhills customer, Permian International Energy Services, LLC (*See* Verified Complaint, at ¶¶49-52). The interference by Garafola and Facts Technology is intentional, unjustified, and has been and will continue to be a direct and proximate cause of loss to Sandhills.

Accordingly, Sandhills' Verified Complaint pleads sufficient factual bases to support each element of its tortious interference claims against Garafola and Facts Technology. Defendants' Motion to Dismiss with regard to Claims Seven and Eight should be denied.

## POINT II

### SANDHILLS STATES A PLAUSIBLE CLAIM FOR CIVIL CONSPIRACY

Sandhills has adequately pled a claim for civil conspiracy. Under New Jersey law, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act,

or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Zodda v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2014 WL 1577694, at *5 (D.N.J. Apr. 21, 2014) (quoting *Banco Popular N. Am. v. Gandi*, 876 A.2d 253 (N.J. 2005)). Additionally, a plaintiff must plead an underlying tort to survive a motion to dismiss. *Id*.

New Jersey law recognizes that it is "'well known that the nature of a conspiracy is such that more often than not the only type of evidence available' is circumstantial in nature." *Morgan v. Union Cty. Bd. of Chosen Freeholders*, 633 A.2d 985, 998 (N.J. Super. Ct. App. Div. 1993) (quoting *Bd. of Educ. v. Hoek*, 183 A.2d 633, 646-47 (N.J. 1962)). As a result, "the question whether an agreement exists should not be taken from the jury in a civil conspiracy case so long as there is a possibility that the jury can 'infer from the circumstances [that the alleged conspirators] had a meeting of the minds and thus reached an understanding' to achieve the conspiracy's objectives." *Id*. (quoting *Hampton v. Hanrahan*, 600 F.2d 600, 621 (7th Cir. 1979) (alteration in original)). Moreover, a valid claim for civil conspiracy need not establish that each alleged participant knew the "exact limits" of the conspiracy, but rather a "general conspiratorial objective" is sufficient. *Id*. at 998-99.

In the Verified Complaint, Sandhills has pled numerous specific torts and circumstantial allegations surrounding a purported agreement to conspire. In July 2019, Sandhills learned that Garafola, among others, was making plans to unlawfully compete with the Equipmentfacts Business. Garafola was an employee of Sandhills and managed the New Jersey office at the time this scheme was initiated. (Verified Complaint, ¶37). Sandhills' investigation into Garafola's activities revealed that while he was a Sandhills employee, he transmitted specific proprietary information to his personal gmail account, including numerous documents set forth in Sandhills'

Verified Complaint. (*Id.,* ¶40). Then, in September 2019, Garafola formed Facts Technology and began unlawfully soliciting Sandhills' customers. (*Id.,* ¶¶42-67).

Defendants argue that Sandhills' claim must fail because there can be no conspiracy between Garafola and Facts Technology since a corporation cannot conspire with its employees, directors and officers under New Jersey law. The Court should deny Defendants' Motion on the civil conspiracy claim for several reasons.

Preliminarily, the cases Defendants cite in support of their motion to dismiss Sandhills' civil conspiracy claim are inapposite to the instant motion because all but one are decisions made at the summary judgment stage of litigation, and the only one deciding a motion to dismiss dealt with whether the court had personal jurisdiction over the individual defendants, not whether the plaintiff had sufficiently pled the conspiracy claim or any available exception to the general rule. (*See* Defendants' Motion to Dismiss Brief, Point II, pp. 14-15 and cases cited therein). As such, the Court should disregard the case law cited by Defendants.

Additionally, Sandhills has pled facts sufficient to satisfy the exception to the general rule that a corporation and its employees, directors or officers cannot conspire among themselves. Specifically, a conspiracy may exist if an employee, director or officer acts in their personal capacity and for their own benefit in committing the underlying tort. *See Svigals v. Lourdes Imaging Assocs., P.A.,* 2001 U.S. Dist. LEXIS 23640, at *22-24 (D.N.J. Nov. 27, 2018) (denying individual shareholder defendants' 12(b)(6) motion on the civil conspiracy claim because, among other reasons, plaintiff had pled sufficient, albeit few facts supporting the exception to the general rule that a corporation and its employees cannot conspire among themselves); *Digiralomo v. Shop at Home, Inc.*, 2001 U.S. Dist. LEXIS 23640, *22-23 (D.N.J. March 1, 2002) (denying individual defendants' 12(b)(6) motion on the civil conspiracy claim because plaintiff had alleged facts

12

sufficient to show that the individual defendants may have acted in their personal capacities and for their personal gain). "*This exception has been read expansively* to allow conspiracy claims to proceed without a co-conspirator from outside the corporation." *Bagasra v. Thomas Jefferson Univ.*, 1999 WL 517404, at *3 (E.D. Pa. July 20, 1999) (internal citation omitted and emphasis added).

Here, the Verified Complaint alleges that Garafola acted in his individual capacity in committing the underlying torts and did so for his personal gain. (*See* Verified Complaint, ¶¶133-137). At this stage of the litigation, Sandhills cannot know which individuals are involved with Facts Technology and which individuals, whether or not involved with Facts Technology, Garafola has conspired with to injure Sandhills. Accordingly, Sandhills has pled sufficient facts to state a plausible claim for civil conspiracy and, therefore, Defendants' Motion to dismiss Count Nine should be denied.

## POINT III

### PIERCING THE CORPORATE VEIL IS NOT NECESSARY FOR GARAFOLA TO BE PERSONALLY LIABLE

Defendants' five-page argument that Facts Technology's corporate form should shield Garafola from liability is a red herring. Moreover, Defendants' statement that Facts Technology is the "true target" of Sandhills' Verified Complaint is inaccurate—as the allegations clearly show, Sandhills seeks to hold Garafola liable for his unlawful activities as well. As set forth above, Sandhills has alleged facts to state a number of claims against Garafola in his individual capacity.

The Third Circuit has long recognized that "a corporate officer is individually liable for the torts he personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort." *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978). In fact, "the fact that an officer is acting for a corporation also may make the corporation vicariously or

13

secondarily liable under the doctrine of respondeat superior; it does not however relieve the individual of his responsibility." *Casper Corp.*, 587 F.2d at 606. Sandhills seeks to hold both Garafola and Facts Technology liable, as is clear by the claims asserted in this lawsuit.

In *U.S. ex rel. Haskins v. Omega Institute*, 11 F. Supp. 2d 555 (D.N.J. 2016), the plaintiffs sued a post-secondary school and its officers individually for violations of the False Claims Act. The Court noted that, when a plaintiff makes a specific allegation of wrongdoing against an individual defendant, that defendant cannot shield himself from liability by simply claiming he is an officer of the subject corporation. *Id.* at 564. That is exactly what Garafola is attempting to do. Sandhills alleges numerous claims against the Defendants arising from Garafola's specific unlawful actions and arising from Facts Technology's unlawful actions.

This is not a case about piercing the corporate veil. Sandhills is not alleging that Facts Technology is underfunded, not a bona fide corporation, or is Garafola's alter ego. Garafola is liable for his actions not because he is an officer of Facts Technology, but because he is the individual who perpetrated each of the wrongful acts. (*See* Verified Complaint). Defendants' Motion should therefore be denied.

## POINT IV

### THERE IS NO COMMON QUESTION OF LAW OR FACT TO SUPPORT CONSOLIDATION WITH THE OTHER PENDING LAWSUIT

Pursuant to Federal Rule of Civil Procedure 42, "if actions before the Court involve a common question of law or fact, the Court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Skoorka v. Kean Univ.*, 2019 WL 4509294, at *3 (D.N.J. Sept. 19, 2019) (citing Fed. R. Civ. P. 42(a)(1)-(3)). Consolidation of this case with Sandhills I is not appropriate or warranted because the "common question of law or fact," requirement of Rule 42 is not met. Rule

42 permits a court to consolidate actions, if doing so will avoid unnecessary costs or delay. *See e.g. Durso v. Samsung Elecs. Am., Inc.,* 2014 WL 1232332, at *1 (D.N.J. Mar. 24, 2014).

Here, consolidation will increase costs and will not result in judicial efficiency. The factual basis for the claims asserted in Sandhills I is different than the factual basis for the allegations set forth in the Verified Complaint in the instant action. While there is overlap in the claims asserted against Garafola, the factual basis for the claims in each of the cases do not overlap. That is a key distinction that must be considered by the Court. As this Court knows, the instant lawsuit is focused on Garafola and Facts Technology's recent unlawful actions, which are unrelated to the actions taken by Garafola (and others) as alleged in Sandhills I.

Consolidation does not serve the interests of judicial efficiency nor does it avoid duplication of discovery and motion practice, especially in light of the discrete issues raised in Sandhills I and this instant lawsuit. Sandhills seeks different relief against different defendants in the two pending lawsuits. While Sandhills posits that the "common issues" requirement of Rule 42 does not weigh in favor of consolidation, it is noteworthy that "the mere existence of common issues, however, does not require consolidation." *Ingram v. Cty. of Camden*, 2019 WL 231759, at *1 (D.N.J. Jan. 16, 2019) (quoting *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.,* 149 F.R.D. 65, 80-81 (D.N.J. 1993)). As consolidation under Rule 42 is discretionary, Defendants' request for consolidation of this matter with Sandhills I at this time may be properly denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Sandhills Global, Inc. respectfully requests the Court deny Defendants' Motion to Dismiss, and for such other, further and different relief as this Court deems just and proper.

                    Respectfully submitted,

                    *s/ John D. Miller, III*
By:  _____
                    John D. Miller, III
                    Justin E. Condit
                    BRESSLER, AMERY & ROSS, P.C.
                    325 Columbia Turnpike
                    Florham Park, NJ 07932

                    and

                    KOLEY JESSEN PC, LLO
                    Margaret C. Hershiser, Neb. #19545
                    (*pro hac vice* motion to be filed)
                    Patrice D. Ott, Neb. #24435
                    (*pro hac vice* motion to be filed)
                    One Pacific Place, Suite 800
                    1125 South 103rd Street
                    Omaha, NE 68124-1079
                    (402) 390-9500
                    (402) 390-9005 (facsimile)
                    Margaret.hershiser@koleyjessen.com
                    Patrice.ott@koleyjessen.com

                    *Attorneys for Plaintiff Sandhills Global, Inc.*

DATED:  December 9, 2019