# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDHILLS GLOBAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE GARAFOLA, SR., *et al.*,<br><br>Defendants. | Civil Action No. 19-17225 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Plaintiff Sandhills Global, Inc.'s ("Plaintiff") Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion"). (ECF No. 3.) Defendants Lawrence Garafola, Sr.; Lawrence Garafola, Jr.; Marlene Greene; Bidpath, Inc.; and Bidfacts, LLC (collectively, "Defendants") have not yet replied. The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Plaintiff's motion for temporary restraints. The Court, however, orders expedited discovery.

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). Plaintiff bears the burden of establishing it is "likely to succeed on the merits . . . likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). "A plaintiff's failure to establish

any element in its favor renders a preliminary injunction inappropriate."[1] *Nutrasweet Co. v. VitMar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

A movant has the burden of establishing a "clear showing of immediate irreparable injury," *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011) (citation omitted), and "[e]stablishing a risk of irreparable harm is not enough," *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987). "[T]he injury created by a failure to issue the requested injunction must be of a peculiar nature, so that compensation in money cannot atone for it." *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994) (citation omitted). "[T]he claimed injury cannot merely be possible, speculative, or remote." *Laidlaw, Inc. v. Student Transp. of Am.*, 20 F. Supp. 2d 727, 766 (D.N.J. 1998) (internal quotation marks and citation omitted).

In the instant Motion, Plaintiff, in a single paragraph and without citation to any relevant legal authority, argues that it will suffer irreparable harm in the form of loss of goodwill and industry reputation.[2] Although loss of goodwill and industry reputation could suffice to demonstrate irreparable harm, *see, e.g. ACE Am. Ins. Co. v. Wachovia Ins. Agency*, No. 08-4369, 2008 WL 4165746, at *6 (D.N.J. Sept. 4, 2008), here, Plaintiff's Motion and accompanying Complaint (Compl., ECF No. 1) fail to explain what goodwill or harm to industry reputation it would suffer in the absence of an injunction.[3] Such unsupported and conclusory allegations fail to establish Plaintiff is entitled to the extraordinary relief it seeks. *See Ferring Pharms., Inc.*, 765

---

[1] Because the Court finds Plaintiff failed to establish irreparable harm, the Court does not address the remaining preliminary injunction factors.

[2] Plaintiff acknowledges that its claims for lost profits could be compensated monetarily. (*Id.*) See *Laidlaw, Inc.*, 20 F. Supp. 2d at 766.

[3] In an affidavit submitted to the Court, Evan Welch, Plaintiff's Director of New Product Sales, stated, "[U]pon review of the BidFacts website I learned that Sandhills customers . . . had been solicited by and started doing business with BidFacts." (Mot., Ex. 2, ECF No. 3-2.) Although persuasive, after a comprehensive review of Plaintiff's submissions, the Court ultimately finds such assertion insufficient at this juncture to warrant granting temporary restraints.

F.3d at 210. Moreover, Plaintiff fails to establish that the irreparable harm it allegedly faces is more than merely speculative. *See, e.g., Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018) ("The irreparable harm alleged must be actual and imminent, not merely speculative."); *see also Cont'l Grp., Inc. v. Amoco Chem. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (internal quotation marks and citation omitted) ("[I]njunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties."). The Court, accordingly, finds Plaintiff failed to establish it will suffer irreparable harm in the absence of an injunction.

The Court also notes that Plaintiff's Motion makes no reference to a preliminary injunction bond, and failure to require such a bond can be reversible error. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 210 (3d Cir. 1990). Notwithstanding that oversight, the Court finds Plaintiff failed to demonstrate it is entitled to emergent relief, as required under Local Civil Rule 65.1(a).

The Court, however, finds good cause to allow expedited discovery. "[E]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Phila. Newspapers v. Gannett Satellite Info. Network*, No. 98-2782, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998) (quoting *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996)). The Court finds Plaintiff's allegation that Lawrence Garafola, Jr. has recently "mass delete[d]" information from his computer compelling. (Pl.'s Appl. 5.) Although Plaintiff concedes that the results of a forensic analysis are ongoing, and Plaintiff's supporting affidavit does not reference what specifically was deleted, the Court finds expedited discovery in this matter appropriate. Accordingly,

IT IS on this 30th day of August 2019, **ORDERED** that:

1. Plaintiff's Motion for a Temporary Restraining Order (ECF No. 3) is **DENIED**.
2. Plaintiff is entitled to expedited discovery.

3

3. By **September 30, 2019**, the parties must submit a joint proposed scheduling order to the Honorable Tonianne J. Bongiovanni, U.S.M.J. If the parties are unable to agree to a joint proposed scheduling order, by **September 30, 2019**, the parties must submit separate proposed scheduling orders.[4]

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] The parties should e-file their proposed scheduling order(s) as an attachment to joint correspondence.