**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SANDHILLS GLOBAL, INC.,

    Plaintiff,

v.

LAWRENCE GARAFOLA, et al.,

    Defendants.

Civil Action No. 19-20669 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Lawrence Garafola, Sr. ("Garafola") and Facts Technology, LLC's ("Facts Technology") (collectively, "Defendants") Motion to Dismiss. (ECF No. 14.) Plaintiff Sandhills Global, Inc. ("Plaintiff" or "Sandhills") opposed (ECF No. 19), and Defendants replied (ECF No. 22). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth in this Memorandum Opinion, Defendants' Motion is granted in part and denied in part.

**I.    BACKGROUND[1]**

In July 2018, Sandhills acquired Garafola's company, Equipmentfacts, LLC ("Equipmentfacts"), which is in "the business of providing online auction solutions for heavy equipment, truck, agriculture, and related auction industries" ("Eqiupmentfacts's business"). (Ver.

---

[1] For the purposes of a motion to dismiss, the Court accepts as true the factual allegations of the Verified Complaint. *See Phillips v. Cty. of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008).

On November 25, 2019, Sandhills initiated this Action. (*See generally* Ver. Compl.) The Verified Complaint alleges the following claims against Garafola:

- Claim One: Breach of Contract—Purchase Agreement
- Claim Two: Breach of Contract—Non-Competition Agreement
- Claim Three: Breach of Contract—Non-Disclosure Agreement
- Claim Four: Misappropriation of Trade Secrets
- Claim Five: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836
- Claim Six: Breach of Duty of Loyalty
- Claim Seven: Interference with a Business Relationship and/or Expectancy ("Tortious Interference")
- Claim Nine: Civil Conspiracy

The following claims are alleged against Facts Technology:

- Claim Eight: Tortious Interference
- Claim Nine: Civil Conspiracy

(*See id.*)

Sandhills simultaneously moved for a temporary restraining order against Defendants. (ECF No. 3.) On December 16, 2019, the Court granted Sandhills temporary restraints, pending a preliminary injunction hearing. (ECF No. 23.) During a two-day preliminary injunction hearing, the Court received documentary exhibits and heard live testimony from two witnesses. (ECF Nos. 56, 57.) The Court granted injunctive relief, finding Sandhills established a likelihood of success on its breach of contract claims against Garafola. (Mem. Op. 16–25, ECF No. 63.) As to Facts Technology, the Court "equally applie[d] the terms of the Injunction" because "Garafola has admitted that, for all intents and purposes, he is Facts Technology—that they are one in the same." (*Id.* at 25 (citation omitted).) The Court held that, "[a]s an entity in active participation with Garafola, Facts Technology is [similarly] bound by the terms of the injunction pursuant to Rule 65(d)(2)." (*Id.*)

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original).

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations and citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III. DISCUSSION

Defendants filed this Motion to Dismiss prior to the Court's Preliminary Injunction Order. Defendants move to dismiss the Complaint for failure to state a claim and for failure to allege facts to pierce the corporate veil. (Defs.' Moving Br. 9–19, ECF No. 14-1.) Defendants alternatively move to consolidate this matter with *Sandhills I*. (*Id.* at 20–22.)

4

### A. Breach of Contract Claims

Defendants argue that Sandhills's breach of contract claims should be dismissed because "Plaintiff attempts to create an un-contracted-for limitation" in the non-competition agreement between Sandhills and Garafola. (Defs.' Moving Br. 12.) According to Defendants, Sandhills attempts to ban Garafola "from engaging in *any* business Sandhills takes issue with." (*Id.*) Defendants also argue that Sandhills "fails to plead with any specificity as to how Defendants are competing with Plaintiff." (*Id.*)

The Complaint alleges that Sandhills acquired Equipmentfacts, which is in "the business of providing *online auction solutions for heavy equipment, truck, agriculture and related action industries.*" (Ver. Compl. ¶¶ 15–16 (emphasis added).) As part of the Equipmentfacts acquisition and Garafola's subsequent employment with Sandhills, Sandhills and Garafola entered into the Covenants. (*Id.* ¶¶ 16–21, 25–31; *see also* Exs. A–C to Ver. Compl., ECF No. 1 at *30–55.[2]) The Complaint alleges that Garafola subsequently violated the Covenants by competing with Sandhills and forming Facts Technology. (Ver. Compl. ¶ 42.) OilfieldFacts was "branded the 'brainchild of Larry Garafola, Founder of Equipmentfacts'" and marketed as an "Online Marketplace for Equipment and Trucks." (*Id.* ¶¶ 46–47.) AuctioneerFacts operated as an "online broadcaster of live webcast and timed auctions" and solicited Sandhills's customers by "providing auction services nearly identical to the services provided by Sandhills through Equipmentfacts.com." (*Id.* ¶¶ 56, 61.)

Considering the facts alleged as true, the Court finds that Sandhills has stated plausible claims for breach of contract. Sandhills has not "attempt[ed] to create an un-contracted-for limitation," but seeks to enforce the terms of the Covenants as agreed upon by the parties—that

---

[2] Pages preceded by asterisks refer to page numbers on the ECF header.

5

Garafola would not compete with, solicit for, or interfere with the Equipmentfacts Business. Sandhills has, therefore, plausibly stated breach of contract claims against Garafola.[3]

### B.     Misappropriation Claims

Defendants argue that Sandhills fails to state trade secret misappropriation claims because the Complaint does not specify what confidential and proprietary information Garafola misappropriated. (Defs.' Moving Br. 13.) Here, the Complaint alleges that Garafola transmitted to his personal e-mail account proprietary information belonging to Equipmentfacts and Sandhills, including spreadsheets of auctioneers and bidders, which Garafola then used to launch Facts Technology. (*See* Ver. Compl. ¶¶ 16a, 40a–e, 41, 43.) The Court, accordingly, denies Defendants' motion to dismiss Sandhills's misappropriation claims.

### C.     Civil Conspiracy Claim

Defendants argue that Sandhills's civil conspiracy claim should be dismissed because Sandhills pleads "no facts to support engagement in conspiracy" and because, "under New Jersey law, Facts Technology cannot . . . conspire with . . . Garafola." (Defs.' Moving Br. 13, 15.) Sandhills argues that "a conspiracy may exist if an employee, director or officer acts in their personal capacity and for their own benefit in committing the underlying tort." (Pl.'s Opp'n Br. 12, ECF No. 19.)

> To state a claim for civil conspiracy under New Jersey law, Sandhills must allege
>
> > a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.

---

[3] In granting the preliminary injunction, the Court found Sandhills showed a likelihood of success on its contract claims. (*See* Mem. Op. 16–25.)

6

*Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 263 (N.J. 2005) (internal quotations and citation omitted). A civil conspiracy claim against a corporate officer and a corporation will be dismissed where the plaintiff "fail[s] to state facts that show that the individual [d]efendant[ was] acting outside the scope of [his] employment." *Marrin v. Capital Health Sys., Inc.*, No. 14-2558, 2015 WL 404783, at *10 (D.N.J. Jan. 29, 2015).

Here, the Complaint alleges that Garafola and Facts Technology "developed a scheme" to access proprietary information and to "pass[] off [the information] as Fact Technology's own." (Ver. Compl. ¶¶ 43, 133–34.) It does not allege, however, that Garafola did anything in his own personal capacity, or for his own benefit. Because the Complaint fails to allege that Garafola acted outside the scope of his employment, the Court dismisses Plaintiff's civil conspiracy claim, Claim Nine, without prejudice.[4]

### D.  Garafola's Individual Lability

Defendants also seek to limit Garafola's liability because "no basis exists to pierce the corporate veil and hold Garafola liable for claims . . . against Fact Technology, the true target of Plaintiff's Complaint." (Defs.' Moving Br. 15.)

"Piercing the corporate veil" is a tool used to hold the owner of a corporation liable "where the corporation is undercapitalized, where the corporation is less than a bona fide corporation, when the corporation is a mere alter ego of the individual, or where the corporate form is merely being used to perpetrate a fraud." *U.S. ex rel. Haskins v. Omega Inst., Inc.*, 11 F. Supp. 2d 555, 565 (D.N.J. 1998), *decision clarified on reconsideration*, 25 F. Supp. 2d 510 (D.N.J. 1998) (citation omitted). "A corporate officer is[, nonetheless,] individually liable for the torts he

---

[4] Furthermore, "Garafola has admitted that, for all intents and purposes, he is Facts Technology— that they are one in the same." (Mem. Op. 25.) Indeed, it is not plausible to conspire with oneself.

7

personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort." *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978). "It is axiomatic at a basic, common-sense level, therefore, that a wrongdoer cannot receive a free pass on liability for intentional misconduct simply by claiming to be immunized by the corporate shield." *Haskins*, 11 F. Supp. 2d at 565.

Here, Defendant has not demonstrated why it is necessary to pierce the corporate veil to find Garafola accountable for his tortious acts. As an agent and officer of Facts Technology acting within the scope of his employment, Garafola may nonetheless be personally liable for the actions he took. For these reasons, Garafola's individual liability is not limited.[5]

### E. Consolidation with *Sandhills I*

Defendants argue that, if this matter is not dismissed, it should be consolidated with *Sandhills I*. (Defs.' Moving Br. 21.) Under Local Civil Rule 42.1, "[a] motion to consolidate two or more civil cases pending upon the docket of the Court shall be filed in the cases bearing the *earliest docket number*." L. Civ. R. 42.1. Here, Defendants incorrectly filed this motion in the second-filed case. Defendants shall, accordingly, file their motion to consolidate on the *Sandhills I* docket.

### IV. CONCLUSION

For these reasons, Defendants' Motion to Dismiss is granted in part and denied in part. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes again that "Garafola has admitted that, for all intents and purposes, he is Facts Technology—that they are one in the same." (Mem. Op. 25.)

8