**BRESSLER, AMERY & ROSS, P.C.**
John D. Miller, III
Justin E. Condit
325 Columbia Turnpike
Florham Park, NJ 07932
(973) 514-1200
(973) 514-1660 (facsimile)
*Attorneys for Plaintiff Sandhills Global, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDHILLS GLOBAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAWRENCE GARAFOLA, individual, and FACTS TECHNOLOGY LLC, a New Jersey limited liability company, <br><br> Defendants. | Civil Action No. 3:19-cv-20669 |

### DECLARATION OF JOHN D. MILLER, III, ESQ. IN SUPPORT OF PLAINTIFF SANDHILLS GLOBAL INC.'S APPLICATION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO L. CIV. R. 54.2

I, John D. Miller, III declare and state the following is true and correct under penalty of perjury:

1. I am a Principal of the law firm of Bressler, Amery & Ross, P.C. ("Bressler"), which has represented Plaintiff Sandhills Global Inc. ("Sandhills") in the above-captioned litigation. I am one of the primary attorneys with responsibility for this case. I was admitted to practice law in 1999 and have been a member in good standing of the New Jersey Bar since that time. I have specialized in representing companies in employment matters for a majority of that time, including matters seeking injunctive relief. I am admitted to practice in the State of New

1

Jersey, Washington, D.C. and the U.S. District Court for the District of New Jersey. My standard hourly rate is $445. Sandhills was charged a discounted hourly rate of $375 for my services throughout the pendency of the case.

2. I submit this Declaration in support of Plaintiff Sandhills' application for attorneys' fees and costs. I base this Declaration upon personal knowledge and my review of the documents created and maintained by Bressler and Koley Jessen in connection with its representation of Sandhills in this litigation.

**A.     The hourly rates Sandhills was charged are reasonable.**

3. Sandhills retained Bressler to pursue the litigation against Defendants given the firm's New Jersey location and the fact that Defendants are based in New Jersey.

4. In addition to myself, Bressler attorney Justin Condit as well as Koley Jessen attorneys Margaret Hershiser, Patricia Ott, John Dunn, Julie Ward and Comran Sharif performed the legal services for Sandhills in connection with this matter. Koley Jessen, a Nebraska law firm, represented Sandhills, a Nebraska company, in the purchase of Equipmentfacts, a New Jersey company owned by Garafola. Sandhills retained Koley Jessen to assist with the instant litigation along with Bressler. Sandhills agreed to and did pay Bressler and Koley Jessen on an hourly basis for the services rendered based on invoices submitted to it monthly.

a.   Justin Condit is an Associate in Bressler's Florham Park, New Jersey office. He was admitted to practice law in 2015 and has been a member in good standing of the New Jersey bar since that time. He is also admitted to practice in New York, U.S. District Court for the District of New Jersey, U.S. District Court for the Eastern District of New York and the U.S. District Court for the Southern District of New York. He specializes in employment law

litigation.  Sandhills was charged an hourly rate of $325 for Mr. Condit's services throughout the pendency of the case.

b. Margaret C. Hershiser is a Shareholder and Executive Committee Member with Koley Jessen in Omaha, Nebraska.  She was admitted to practice law in 1991 and has been a member in good standing of the Nebraska Bar since that time.  She is also admitted to practice in the U.S. Supreme Court, U.S. District Court for the District of Nebraska and the U.S. Court of Appeals for the Eighth Circuit.  She specializes in employment law litigation.  Sandhills was charged an hourly rate ranging from $390-$395 for Ms. Hershiser's services throughout the pendency of the case.

c. Patricia D. Ott is a Shareholder with Koley Jessen in Omaha, Nebraska.  She was admitted to practice law in 2010 and has been a member in good standing of the Nebraska Bar since that time. She is also admitted to practice in the U.S. District Court for the District of Nebraska and the U.S. Court of Appeals for the Eighth Circuit. She specializes in employment law and ERISA Litigation.  Sandhills was charged an hourly rate ranging from $255-$275 for Ms. Ott's services throughout the pendency of the case.

d. John C. Dunn is an Associate with Koley Jessen in Omaha, Nebraska. He was admitted to practice law in 2016 and has been a member in good standing of the Nebraska Bar since that time.  He is also admitted to practice in the U.S. District Court for the District of Nebraska and the U.S. Court of Appeals, Eighth Circuit. He specializes in employment law litigation.  Sandhills was charged an hourly rate of $230 for Mr. Dunn's services throughout the pendency of the case.

e. Julie A. Ward is an Associate with Koley Jessen in Omaha, Nebraska.  She was admitted to practice law in 2017 and has been a member in good standing of the Nebraska Bar

Case 3:19-cv-20669-MAS-TJB   Document 81-2   Filed 10/09/20   Page 4 of 14 PageID: 2337

since that time. She is also admitted to practice in the U.S. District Court for the District of Nebraska. She specializes in employment litigation. Sandhills was charged an hourly rate ranging from $195-$225 for Ms. Ward's services throughout the pendency of the case.

    f.    Comran E. Sharif is a Senior Associate with Koley Jessen in Omaha, Nebraska. He was admitted to practice law in 2015 and has been a member in good standing of the Nebraska Bar since that time. He specializes in corporate law. Sandhills was charged an hourly rate of $285 for Ms. Ward's services throughout the pendency of the case.

    5.    During the pendency of this matter, Aimee Kierney, a senior paralegal with Bressler with 22 years of experience, has assisted with the representation of Sandhills. Sandhills was charged an hourly rate of $250 for Ms. Kierney's services throughout the pendency of this case.

    6.    Sandhills has incurred and paid substantial attorneys' fees and costs since this matter has been pending.

    7.    At Bressler and Koley Jessen, billing professionals maintain contemporaneous time records reflecting the time spent on a particular case, as well as a description of the work performed during that time period. I have reviewed all of the billing statements to Sandhills in connection with this case, and I am familiar with them.

    8.    In connection with this request, I have reviewed the hourly rates charged for services provided by New Jersey based Bressler attorneys who specialize in employment law matters. Partner hourly rates range between $445 to $500 and associate and counsel hourly rates range from $250 to $400. Based on these New Jersey rates, in my opinion, the hourly rates Bressler and Koley Jessen charged Sandhills are reasonable for similar type of litigation occurring in New Jersey, the relevant market.

9. In connection with this request for attorneys' fees, I have also reviewed information contained in the "USAO Attorney's Fee Matrix – 2015-2020" ("Matrix"), which is maintained and available on the United States Attorney's Office's website (https://www.justice.gov/usao-dc/page/file/1189846/download - a true and accurate copy of the Matrix is attached hereto as Exhibit 1). This data compilation was prepared by the Civil Division of the United States Attorney's Office and, as noted in footnote 1 of the Matrix, is intended for use in cases in which a right to recovery of attorneys' fees exists in the employment context.

10. For 2019-2020, the Matrix provides that the average hourly rate for an attorney such as myself and Ms. Hershiser with 21 and 29 years of experience, respectively, is $595/hour, an attorney such as Ms. Ott with 10 years of experience is $433/hour, an attorney such as Messrs. Condit, Dunn and Sharif with approximately 4-5 years of experience is $365/hour, an attorney such as Ms. Ward with approximately 3 years of experience is $353/hour, and a paralegal such as Ms. Kierney is $173/hour. Here, the rates for myself, Ms. Hershiser and Ms. Ott are significantly lower than the suggested rates for attorneys with our level of experience. The rates for Messrs. Condit, Dunn and Sharif, and Ms. Ward are also lower than the suggested rates for attorneys with their level of experience. Therefore, although Ms. Kierney's rate is slightly higher than the suggested rates for a paralegal, the lower than suggested rates for all of the attorneys in this matter counter-balances the modest increase in Ms. Kierney's rate.

11. Additionally, I have reviewed the fee schedule utilized by the Community Legal Services ("CLS") of Philadelphia, a neighboring Third Circuit jurisdiction. This list was compiled to reflect the fee schedule used by CLS in cases where the law allows for an award of attorney's fees in order to compensate CLS for legal services provided to its clients. *Attorney*

*Fees, Community Legal Services of Philadelphia, available at* https://clsphila.org/about-community-legal-services/attorney-fees/ (a true and accurate copy is attached hereto as <u>Exhibit 2</u>) [hereinafter *Attorney Fees, Community Legal Services of Philadelphia*]. These "rates do not reflect any adjustment for contingency, and are based on Philadelphia law firm market survey data and increases in the Consumer Price Index." <u>Id.</u>

12.  When comparing the rates of attorneys and a paralegal from Bressler and attorneys from Koley Jessen to those of similar services in the community, they are comparable. The CLS fee schedule provides that the fee ranges for Bressler attorneys and paralegal are: myself at $550-$640, Mr. Condit at $230-$275, and Ms. Kierney at $205-230. The fee ranges for Koley Jessen attorneys are: Ms. Hershiser at $650-$700, Ms. Ott at $280-$360, Mr. Sharif at $230-$275, Mr. Dunn at $230-$275, and Ms. Ward at $230-$275. *Attorney Fees, Community Legal Services of Philadelphia.* The rates for the partners in this case, myself, Ms. Hershiser and Ms. Ott, are significantly lower than the suggested CLS fees, and their billed hours represent the majority of the requested fees. The rates of the remaining Koley Jessen attorneys are at or near the suggested CLS fee ranges. Although Mr. Condit and Ms. Kierney's fees are slightly higher than the CLS rates, I submit that, because the rates for the partners in this case are significantly lower than the suggested CLS rates, coupled with the fact that I performed substantially all of the work in this litigation (501.2 hours (at a discounted rate substantially lower than the suggested CLS rate) out of 748.7 total hours billed (or 67% of the total hours billed and paid)), Mr. Condit's and Ms. Kierney's rates should not be reduced. Additionally, the fees referenced in the CLS chart are approximately two years old and do not account for industry standard annual increases.

13. Based on the foregoing, I believe the billing rates charged to Sandhills in connection with the at-issue litigation were reasonable and in line with the relevant market rates.

**B.     The total attorneys' fees and cost incurred and fully paid by Sandhills were necessary.**

14. Plaintiff was forced to litigate its rights and claims against the Defendants and succeeded in its efforts to secure compliance with restrictive covenant agreements entered into by Defendant Lawrence Garafola ("Garafola").

15. This lawsuit stems from the unlawful conduct of Garafola, who, less than a year after selling his business, Equipmentfacts, to Sandhills for $1.5 million, and during the pendency of a related lawsuit with Sandhills (*Sandhills Global, Inc. v. Lawrence Garafola, Sr., et al.,* Civil Action No. 19-17225), formed Facts Technology – a direct competitor – to solicit business and customers away from Sandhills in a clear and blatant violation of various restrictive covenants, statutes, and common law.

16. A more specific factual background supporting the claims against Garafola and Facts Technology is set forth in Plaintiff's proposed Findings of Fact and Conclusions of Law ("FF&CL") (ECF Doc. No. 54), which contains the relevant facts, agreements, key documents and witness testimony, which are incorporated herein by reference.

**(i) Stage 1 – Investigation, preparation and filing of the Verified Complaint with the supporting brief requesting a Temporary Restraining Order ("TRO") (attorney's fees incurred and paid - $38,144.00)**

17. On or about November 25, 2019, the instant action was initiated with the filing of the Verified Complaint, which included claims against Garafola of breach of contract, misappropriation of trade secrets, violation of the Defend Trade Secrets Act, breach of duty of loyalty, interference with a business relationship and/or expectancy ("tortious interference"), and civil conspiracy. In addition, the Verified Complaint included claims of tortious interference and

civil conspiracy against Facts Technology. The Verified Complaint sought in substantial part to secure Garafola's compliance with the restrictive covenants contained in the relevant agreements he signed with Plaintiff and to restrain Garafola's newly created competing business, Facts Technology, from competing against Plaintiff in violation of Garafola's restrictive covenants.

18. Plaintiff incurred $38,144.00 in attorneys' fees for this stage of the litigation and Plaintiff has paid all of those fees.

**(ii) Stage 2 – TRO briefing and in person oral argument resulting in the TRO being entered against Garafola (attorneys' fees incurred and paid - $38,682.50)**

19. Simultaneously upon filing the action, Sandhills moved for a TRO against Defendants. Defendants filed opposition and Plaintiff filed a reply brief. The Court held in-person oral argument on December 11, 2019. On December 16, 2019, the Court granted in part and denied in part the TRO and temporary restraints were issued against Garafola, pending a preliminary injunction hearing. (Letter Opinion & Order, December 16, 2019 (ECF Doc. No. 23)).

20. Plaintiff incurred $38,682.50 in attorney's fees and costs for this successful stage of the litigation and Plaintiff has paid all of those fees.

**(iii) Stage 3 – Preliminary injunction stage, including pre-hearing briefing, in-person evidentiary hearings (attorneys' fees incurred and paid - $127,370.00)**

21. Prior to the scheduled in-person preliminary injunction hearing, at the Court's direction, Plaintiff filed a brief and a reply brief in support of the request for the preliminary injunction, which Defendants opposed in writing.

22. The in-person evidentiary hearings were held on February 6, 2020 and February 21, 2020. Plaintiff's Nebraska representatives, Evan Welch (witness) and Alexander Essay (in-

house counsel), flew to New Jersey to attend the hearings. Messrs. Welch and Essay stayed overnight in New Jersey in order to attend the hearings.

23. Throughout the proceedings, the Court received documentary evidence and heard live testimony of two witnesses, Garafola and Mr. Welch.

24. Plaintiff incurred $127,370.00 in attorneys' fees for this stage of the litigation and Plaintiff has paid all of those fees.

**(iv) Stage 4 – Post-hearing submission of proposed FF&CL resulting in the issuance of the preliminary injunction against both Defendants (attorneys' fees incurred and paid - $15,545.00)**

25. At the conclusion of the February 2020 evidentiary hearings, at the Court's direction, the parties prepared and submitted their respective proposed FF&CL, including responses to each other's FF&CL. The matter was fully briefed on March 12, 2020.

26. On April 10, 2020, the Court signed an Order granting preliminary injunctive relief ("PI Order") (ECF Doc. Nos. 63 and 64) against Garafola and Facts Technology, the complete injunctive relief sought by the Verified Complaint.

27. Plaintiff incurred $15,545.00 in attorneys' fees for this successful stage of the litigation and Plaintiff has paid all of those fees.

**(v) Stage 5 – Post-hearing white label submissions (attorneys' fees incurred and paid - $31,875.00)**

28. In its opinion granting the preliminary injunction, the Court noted that Garafola "wishes to 'conduct business as Facts Technology, Auctioneer Facts, and Dealer Facts by selling software licenses as a true white label service' without providing any other services." <u>Sandhills Global, Inc. v. Lawrence Garafola</u>, Civil Action No. 19-20669 (MAS) (TJB), Memorandum Opinion, 24 (ECF Doc. No. 63). After recognizing the existence of that newly minted business, the Court indicated that "the parties have not provided appropriate briefing and substantiating

9

documentation to support their positions." Id. at 25. For those reasons, the Court did not make a ruling on that argument and directed the parties to submit briefing and supporting documentation on the issue.

29. On May 29, 2020, Plaintiff submitted supplemental FF&CL addressing the white label issue (ECF Doc. No. 70). On June 10, 2020, Defendants filed opposition to Plaintiff's supplemental FF&CL (ECF Doc. No. 73). The white label issue was fully briefed as of June 10, 2020 and the parties await the Court's ruling.

30. Plaintiff incurred $31,875.00 in attorneys' fees for this stage of the litigation and Plaintiff has paid all of those fees.

**(vi) Stage 6 – Defendants' unsuccessful motion to dismiss the Verified Complaint including the injunctive relief requested (attorneys' fees incurred and paid - $5,175.00).**

31. On December 4, 2019, a few days before the Court entered the TRO, Defendants filed a Motion to Dismiss the Verified Complaint, including the request for injunctive relief (ECF Doc. No. 14).

32. Despite the fact that the Court entered its TRO a few days later on December 16, 2019 (ECF Doc. No. 23), Plaintiff was forced to file opposition to the motion because Defendants did not withdraw it even in light of the Court's TRO. Thereafter, Defendants filed their reply submission in further support of the motion.

33. While the Motion to Dismiss was pending, Plaintiff secured another victory when the Court issued its PI Order on April 10, 2020 (ECF Doc. Nos. 63 and 64) imposing preliminary restraints against Garafola and Fact Technology, the exact relief sought by Plaintiff from the beginning of the litigation. Even after suffering this defeat, Defendants pushed forward with the Motion to Dismiss failing to dismiss it even in light of the PI Order.

34. After carefully considering the parties' submissions and without oral argument, by Order dated July 23, 2020, the Court dismissed only one claim of the Verified Complaint without prejudice (Claim Nine – civil conspiracy against Facts Technology) (Docket Nos. 78 and 80). The additional eight claims remain intact including the injunctive relief sought and obtained by Plaintiff against Garafola and Facts Technology.

35. Again, Defendants never withdrew the motion even though the Court's prior rulings, including both the December 16, 2019 TRO and April 10, 2020 PI Order, all but telegraphed the Court's ultimate decision denying the motion in substantial part, including the request to dismiss the injunctive relief.

36. Plaintiff incurred $5,175.00 in attorneys' fees and costs for this successful stage of the litigation and Plaintiff has paid all of those fees.

**(vii) The Asset Purchase Agreement Restrictive Covenant Agreement expressly authorizes the award of the requested attorney's fees and expenses incurred and paid by Plaintiff in the total amount of $256,791.50 (fees) and $7,878.31 (expenses)**

37. The Non-competition, Non-interference and Confidentiality agreement Garafola entered into in connection with the Asset Purchase Agreement ("APA Restrictive Covenant Agreement") authorizes this Court to award reasonable attorney's fees and expenses incurred by Plaintiff in successfully pursuing the injunctive relief at issue in this litigation:

> <u>Enforcement.</u> Seller's Sole Member acknowledges that the covenants, agreements, understandings and restrictions contained in this Agreement are necessary, fundamental and required for the protection of Purchaser and the goodwill of Seller purchased by Purchaser as part of the Acquisition, and relate to matters which are of a special, unique and extraordinary character that gives each of the covenants, agreements, understandings and restrictions a special, unique and extraordinary value. Seller's Sole Member also acknowledges that a breach of any covenant or restriction contained in this Agreement will result in irreparable harm and damage to Purchaser. Accordingly, Seller's Sole Member expressly agrees that, in the event of a breach or threat of a breach of any provision of this Agreement by Seller's Sole Member, the Purchaser's remedies at Law will be inadequate, and in each such event, the Purchaser will be entitled

11

      to an injunction or other similar relief to prevent any breach of this Agreement and to enforce specifically the provisions of this Agreement, in addition to money damages sustained by Purchaser resulting from Seller's Sole Member's breach or threatened breach of this Agreement, and in addition to any other remedy to which Purchaser may be entitled at Law or in equity. **If Purchaser institutes legal action to enforce the provisions of this Agreement**, in addition to any and all other rights or remedies which Purchaser may obtain in any such litigation, **Purchaser shall also be entitled to recover from the Seller's Sole Member its reasonable attorneys' fees and out-of-pocket expenses incurred in such litigation**.

Section 8 (emphasis added) of <u>Exhibit</u> 3 attached hereto.

    38.    As evidence from the relief obtained, Plaintiff is the prevailing party in this litigation because it was successful in securing Defendants' compliance with the restrictive covenants, the breach of which formed the basis for the litigation and injunction proceedings.

    39.    Sandhills incurred and has fully paid a total of $256,791.50 in attorneys' fees in connection with its successful pursuit of the injunctive relief imposed by the Court:

| NAME | POSITION | HOURLY RATE (HR) | HOURS SPENT (HS) | HR x HS |
|---|---|---|---|---|
| John D. Miller | Partner (21 years of practice) | $375 | 501.2 | $187,950.00 |
| Justin Condit | Senior Associate (5 years of practice) | $325 | 73.5 | $23,887.50 |
| Aimee Kierney | Senior Paralegal (22 years of experience) | $250 | 34.4 | $8,600.00 |
| Margaret C. Hershiser | Partner (28 years of practice) | $390 | 6.7 | $2,613.00 |
| Margaret C. Hershiser | Partner (28 years of practice) | $395 | 8.2 | $3,239.00 |
| Patrice D. Ott | Partner (10 years of practice) | $255 | 34.8 | $8,874.00 |

| | | | | |
|---|---|---|---|---|
| Patrice D Ott | Partner (10 years of practice) | $275 | 37.6 | $10,340.00 |
| Comran E. Sharif | Senior Associate (5 years of practice) | $285 | 1.0 | $285.00 |
| John D. Dunn | Associate (4 years of practice) | $230 | .7 | $161.00 |
| Julie A. Ward | Associate (3 years of practice) | $195 | 18.1 | $3,529.50 |
| Julie A. Ward | Associate (3 years of practice) | $225 | 32.5 | $7,312.50 |
| | | | TOTAL: | $256,791.50 |

40. Sandhills also incurred and has fully paid $7,878.31 in out-of-pocket costs and expenses in connection with Stages 1 through 6 of the litigation, including travel-related expenses incurred by Messrs. Essay and Welch attending the preliminary injunction hearings in New Jersey. These costs and expenses are comprised of:

    a. Filing fee for the Verified Complaint: $400.00;

    b. Computerized legal research (Westlaw, Lexis, etc.): $1,650.94;

    c. Hearing transcripts (December 11, 2019, February 6, 2020, February 21, 2020): $1,858.95;

    d. Travel expenses for Messrs. Essay and Welch: $2,716.39;

    e. *Pro hace vice* fees (Margaret Hershiser and Patrice Ott): $424.00; and

    f. Duplication services: $828.03.

41. The attorneys' fees and cost are both reasonable in hourly rates and the amount of time spent based on Defendants protracting the length and scope of the litigation issues when the

restrictive covenant agreement requirements are clear and unambiguous, which would have resulted in quick and streamlined injunction proceedings but for the tenuous and unsuccessful positions taken by Defendants throughout every stage of this litigation.

42. Invoices with detailed entries supporting the attorneys' fees[1] and out-of-pocket expenses incurred and paid by Sandhills are attached hereto as <u>Exhibit</u> 4 (Bressler invoices (under seal)), <u>Exhibit</u> 5 (Koley Jessen invoices (under seal)) and <u>Exhibit</u> 6 (declaration of Alexander Essay regarding travel related expenses). These unredacted[2] Bressler and Koley Jessen invoices are filed under temporary seal because they detail the specific tasks performed by attorneys and staff from Bressler and Koley Jessen, the dates of such tasks, and the amounts billed to and paid by Sandhills. Simultaneous with the filing of this fee application, pursuant to Local Civil Rule 5.3(c), Plaintiff has filed a motion to seal <u>Exhibit</u> 4 and <u>Exhibit</u> 5.

43. I also attach hereto redacted[3] copies of the Bressler and Koley Jessen invoices as <u>Exhibit</u> 7 and <u>Exhibit</u> 8, respectively.

44. Mr. Essay has acknowledged to me that his signature as it appears on his Declaration is genuine. A copy of the Declaration and Certification with the original signature pages affixed thereto will be filed with the Court if requested by the Court or any party

I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct.

_/s/ John D. Miller, III_
John D. Miller, III, Esq.

Dated: October 9, 2020

---

[1] The six (6) stages of the litigation are designated on the Bressler and Koley Jessen invoices with 1, 2, 3, 4, 5 or 6 appearing next to each relevant entry.

[2] Entries that are not part of this fee application or contain irrelevant information are blacked out.

[3] Entries that are part of this application are redacted with a corresponding "redacted" notation. Entries that are not part of this fee application or contain irrelevant information are blacked out.