EXHIBIT 3

## NONCOMPETITION, NONINTERFERENCE AND CONFIDENTIALITY AGREEMENT

THIS NONCOMPETITION, NONINTERFERENCE AND CONFIDENTIALITY AGREEMENT (this "Agreement') is made and entered into as of July 16, 2018, by and between Sandhills Publishing Company, LLC, a Nebraska corporation ("Purchaser") and Lawrence Garafola ("Seller's Sole Member").

### W I T N E S S E T H:

WHEREAS, Purchaser, Equipmentfacts, LLC, a New Jersey limited liability company (the "Seller"), and Seller's Sole Member are parties to that certain Asset Purchase Agreement, dated as of the date hereof (the "Purchase Agreement"), pursuant to which Purchaser will acquire certain assets of the Seller (the "Acquisition");

WHEREAS, the Parties (as defined in Section 1 below) agree that the goodwill of the Seller is an integral component of the assets being acquired pursuant to the Purchase Agreement and without such goodwill the value of the assets of the Seller will be greatly diminished and Purchaser's reasons for entering into the Purchase Agreement and completing the Acquisition will be extinguished;

WHEREAS, it is a condition to Purchaser's, the Seller's, and Seller's Sole Member's obligations to consummate the transactions contemplated by the Purchase Agreement that the Parties enter into this Agreement; and

WHEREAS, the Parties intend this Agreement to evidence their understanding with respect to the restrictions on Seller's Sole Member's activities following consummation of the Acquisition.

NOW, THEREFORE, in consideration of the terms, provisions, covenants and agreements contained in this Agreement, the consideration referred to in this Agreement and other good and valuable consideration, and intending to be legally bound hereby, the Parties agree as follows:

1.      Definitions.  As used in this Agreement the following terms shall have the respective meanings ascribed to them in this Section 1:

        a.      "Restrictive Period" means a period of five (5) consecutive years from and after the date of this Agreement;

        b.      "Party" or "Parties" means any of Purchaser or Seller's Sole Member, as applicable;

        c.      "Territory" means the United States of America; and

        d.      all other capitalized terms used in this Agreement, but not otherwise defined in this Agreement, shall have the meanings ascribed to them in the Purchase Agreement.

4826-4393-1241.2

2.   <u>Noncompetition</u>.  Seller's Sole Member shall not during the Restrictive Period, directly or indirectly, within the Territory:

a.   provide or perform services for the benefit of, manage, operate, or in any way participate in, a business that competes with the Business (as conducted by Purchaser or its Affiliates), either on Seller's Sole Member's own behalf or on behalf of any other Person; or

b.   acquire a financial interest in, own or control any business that competes with the Business, other than ownership of not more than a 1% interest in any publicly traded company that competes with the Business.

3.   <u>Nonsolicitation of Business</u>.  Seller's Sole Member shall not during the Restrictive Period, directly or indirectly solicit for Seller's Sole Member or any other Person, business which is competitive with the Business from any customers, clients or accounts of the Business as conducted by Purchaser or its Affiliates.

4.   <u>Nonsolicitation of Employees</u>.  Seller's Sole Member shall not during the Restrictive Period, directly or indirectly, solicit, employ, retain as a consultant, interfere with or attempt to entice away from the Purchaser or its Affiliates, any employee or former employee of the Purchaser or its Affiliates who was employed by the Seller prior to the Closing Date and who has agreed to be, or has been, employed or retained the Purchaser or its Affiliates within twelve (12) months prior to such solicitation, employment, retention, interference or enticement.

5.   <u>Noninterference</u>.  Seller's Sole Member shall not during the Restrictive Period, directly or indirectly:

a.   encourage, in any way or for any reason, any customer, client or account of the Purchaser or its Affiliates, to sever or alter the relationship of such customer, client or account with the Purchaser or its Affiliates;

b.   discourage, in any way or for any reason, any prospective customers, clients or accounts of the Purchaser or its Affiliates from becoming a customer, client or account of the Purchaser or its Affiliates;

c.   aid any other Person attempting to take customers, clients or accounts in relation to the Business from the Purchaser or its Affiliates;

d.   aid any other Person in discouraging, in any way or for any reason, any prospective customers, clients or accounts of the Purchaser or its Affiliates, from becoming a customer, client or account of the Purchaser or its Affiliates;

e.   defame or disparage the Purchaser or its Affiliates, or any of their respective directors, officers or employees, or engage in any deceptive trade practices toward the Purchaser or its Affiliates.

6.   <u>Intellectual Property</u>.  Seller's Sole Member shall not use, appropriate or interfere with, directly or indirectly, any Intellectual Property of the Purchaser or any of its respective

CONFIDENTIAL                                                    SANDHILLS PI 000034

Affiliates, or any combination, abbreviation or derivation thereof, at any time during or after the Restrictive Period.

7.    Consideration.  The execution and delivery of this Agreement by Seller's Sole Member is in partial consideration of the payment by Purchaser to Seller's Sole Member under the Purchase Agreement and Purchaser's consummation and closing of the Acquisition.  Seller's Sole Member also acknowledges that Purchaser would not be prepared to engage in the Acquisition unless Seller's Sole Member agreed to the covenants, agreements, understandings and restrictions contained in this Agreement and that Purchaser is placing its confidence and trust in Seller's Sole Member.  Seller's Sole Member is entering into this Agreement and making the covenants, agreements, understandings and restrictions contained in this Agreement, among other things, to induce Purchaser to engage in the Acquisition.

8.    Enforcement.  Seller's Sole Member acknowledges that the covenants, agreements, understandings and restrictions contained in this Agreement are necessary, fundamental and required for the protection of Purchaser and the goodwill of Seller purchased by Purchaser as part of the Acquisition, and relate to matters which are of a special, unique and extraordinary character that gives each of the covenants, agreements, understandings and restrictions a special, unique and extraordinary value.  Seller's Sole Member also acknowledges that a breach of any covenant or restriction contained in this Agreement will result in irreparable harm and damage to Purchaser.  Accordingly, Seller's Sole Member expressly agrees that, in the event of a breach or threat of a breach of any provision of this Agreement by Seller's Sole Member, the Purchaser's remedies at Law will be inadequate, and in each such event, the Purchaser will be entitled to an injunction or other similar relief to prevent any breach of this Agreement and to enforce specifically the provisions of this Agreement, in addition to money damages sustained by Purchaser resulting from Seller's Sole Member's breach or threatened breach of this Agreement, and in addition to any other remedy to which Purchaser may be entitled at Law or in equity.  If Purchaser institutes legal action to enforce the provisions of this Agreement, in addition to any and all other rights or remedies which Purchaser may obtain in any such litigation, Purchaser shall also be entitled to recover from the Seller's Sole Member its reasonable attorneys' fees and out-of-pocket expenses incurred in such litigation.

In addition, Seller's Sole Member expressly acknowledges that the Purchaser's right to enforce this Agreement or to recover monetary damages for breach or threatened breach of this Agreement shall not be limited or restricted by the failure to designate or allocate a specific portion of the purchase price paid by Purchaser to Seller's Sole Member pursuant to the Purchase Agreement to this Agreement.

9.    Severability.  If any term or provision of this Agreement is invalid, illegal or incapable of being enforced by any rule of Law or public policy, all other terms and provisions of this Agreement shall nevertheless remain in full force and effect without regard to the invalid, illegal or unenforceable term or provision.  If the courts of any one or more jurisdictions shall hold all or any part of such term or provision wholly unenforceable by reason of the breadth of such scope or otherwise, it is the intention of the Parties that such determination shall not bar or in any way affect Purchaser's right to relief in the court of any other jurisdiction as to failures to observe such term or provision in such other jurisdictions, the above provisions as they relate to each jurisdiction, being, for this purpose, severable into diverse and independent provisions.

CONFIDENTIAL                                                                    SANDHILLS PI 000035

10.   Modification.   Each of the Parties recognizes and acknowledges that the covenants, agreements, understandings and restrictions contained in this Agreement are properly required for the adequate protection of Purchaser and the goodwill of the Seller acquired by Purchaser as part of the Acquisition.  Each of the Parties also recognizes and acknowledges that the covenants, agreements, understandings and restrictions contained in this Agreement are an inherent part of the purchase under the Purchase Agreement and are accepted as part of the consideration paid.  Consequently, in the event that any covenant, agreement, understanding or restriction contained in this Agreement shall be deemed to be illegal, unenforceable or unreasonable by any court or tribunal of competent jurisdiction with respect to any part of the duration of such covenant, agreement, understanding or restriction or the area covered thereby, the Parties agree that the court or other tribunal making such determination shall have the power to reduce the duration or area of such covenant, agreement, understanding or restriction and in its reduced form said covenant, agreement, understanding or restriction shall then be enforceable

11.   Notice.   All notices and other communications under this Agreement shall be in writing and deemed duly given, if delivered: (a) personally by hand or by a nationally recognized overnight courier service, when delivered at the address specified in this Section; (b) by United States certified or registered first class mail when delivered at the address specified in this Section, on the date appearing on the return receipt therefor; (c) by facsimile transmission, when such facsimile transmission is transmitted to the facsimile transmission number specified in this Section; or (d) by electronic mail when such electronic mail is transmitted to the electronic mail address specified in this Section. Addresses, electronic mail addresses, and facsimile transmission numbers (unless and until written notice is given of any other address, electronic mail address or facsimile transmission number) for purposes of this Section are set forth below:

If to Seller's Sole Member, to:

Lawrence Garafola
6 Brearley Lane
Neshanic Station, NJ 08853
E-mail: Garafola.lawrence@gmail.com

with a copy to:

Lynn Blessing McDougall
Diamond Silver Office Building
24 Arnett Avenue, Suite 116
Fax: (609) 208-9511
E-mail: lbmcdougallesq@msn.com

If to Purchaser, to:

Sandhills Publishing Company
120 West Harvest Drive
Lincoln, NE 68521
Attention: Legal Department
E-mail: legal@sandhills.com

CONFIDENTIAL                                                SANDHILLS PI 000036

with a copy to:

Koley Jessen P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103 Street
Omaha, NE  68124-1079
Attention: Taylor C. Dieckman
Fax: (402) 390-9005
E-mail: taylor.dieckman@koleyjessen.com

    12.   <u>Construction</u>.  All references to Law shall be deemed to include all rules and regulations promulgated thereunder (by any Authority or otherwise), and any successor law, unless the context otherwise requires.  "Including" means "including without limitation" and does not limit the preceding words or terms.  The word "or" is used in the inclusive sense of "and/or." The singular shall include the plural and vice versa.  Each word of gender shall mean Sections of this Agreement, unless expressly indicated otherwise.  The headings or titles preceding the text of the Sections are inserted solely for convenience of reference and shall not constitute a part of this Agreement.  The Parties have each participated in the negotiation and drafting of this Agreement.  In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.

    13.   <u>Applicable Law; Jurisdiction; Waiver of Jury Trial</u>. This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of New Jersey, without giving effect to conflict of law principles thereof. The Parties hereby agree and consent to the exclusive jurisdiction of any state or federal court sitting in New Jersey with respect to all matters relating to this Agreement, waive all objections based on lack of venue and forum non conveniens, and irrevocably consent to the personal jurisdiction of all such courts. TO THE EXTENT NOT PROHIBITED BY APPLICABLE LAW WHICH CANNOT BE WAIVED, EACH PARTY HERETO HEREBY WAIVES AND COVENANTS THAT IT WILL NOT ASSERT (WHETHER AS PLAINTIFF, DEFENDANT OR OTHERWISE) ANY RIGHT TO TRIAL BY JURY IN ANY FORUM IN RESPECT OF ANY ISSUE OR ACTION, CLAIM, CAUSE OF ACTION OR SUIT (IN CONTRACT, TORT OR OTHERWISE), INQUIRY, PROCEEDING OR INVESTIGATION ARISING OUT OF OR BASED UPON THIS AGREEMENT OR THE SUBJECT MATTER HEREOF OR IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE TRANSACTIONS CONTEMPLATED HEREBY, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING. EACH PARTY HERETO ACKNOWLEDGES THAT IT HAS BEEN INFORMED BY THE OTHER PARTIES HERETO THAT THIS SECTION 13 CONSTITUTES A MATERIAL INDUCEMENT UPON WHICH THEY ARE RELYING AND WILL RELY IN ENTERING INTO THIS AGREEMENT. ANY PARTY HERETO MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION 13 WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF EACH SUCH PARTY TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.

CONFIDENTIAL

14.    Entire Agreement.  This Agreement, including the recitals to this Agreement, constitutes the entire understanding of the Parties, and supersedes any prior agreements or understandings, written or oral, between the Parties with respect to the subject matter of this Agreement.  No supplement, modification or amendment of this Agreement shall be binding unless executed in writing by all of the Parties to this Agreement.

15.    Waiver.  The failure of any Party at any time or times to require performance of any provision of this Agreement shall in no manner affect its right at a later time to enforce the same. No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.  No waiver shall be binding unless executed in writing by the Party making the waiver.

16.    Counterparts; Exchange by Electronic Transmission.  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.  The Parties agree that they may execute this Agreement and exchange on the Closing Date counterparts of this Agreement by means of facsimile transmission or electronic mail, the receipt of such executed counterparts shall be binding on the Parties to this Agreement and such executed counterparts shall be construed as originals.

**[The Remainder of This Page Intentionally Left Blank and Signature Page Follows.]**

CONFIDENTIAL                                                          SANDHILLS PI 000038

IN WITNESS WHEREOF, the Parties to this Agreement have caused this Agreement to be duly executed as of the date first written above.

Sandhills Publishing Company, a Nebraska corporation

By: _____

Shawn Peed, Executive Vice President


_____

Lawrence Garafola

Noncompetition Agreement
Signature Page

CONFIDENTIAL

IN WITNESS WHEREOF, the Parties to this Agreement have caused this Agreement to be duly executed as of the date first written above.

Sandhills Publishing Company, a Nebraska corporation

By:_____
Shawn Peed, Executive Vice President

_____
Lawrence Garafola

Noncompetition Agreement
Signature Page